## Gallaher *against* Collins.

A sale of real estate by order of the orphan's court can only be invalidated by establishing a want of jurisdiction of the court, or by fraud practised in effecting it.

The declaration of a defendant in ejectment that he claimed the possession of the land in his own right may be given in evidence to repel his allegation made on the trial that he claimed for others as well as himself.

ERROR to the common pleas of *Crawford* county.

Alfred M. Collins against John Gallaher. Ejectment for a tract of land. John Collins, Sen., the father of the defendant, purchased the land in dispute from Griffith & Wallace, and by his last will and testament devised it to his son John, the defendant, and his three daughters as tenants in common. At the time of his death there was a balance of purchase money due to Griffith & Wallace of 640 dollars. After the death of the father, John, the defendant, with the knowledge of the executors, went to the agent of Griffith & Wallace and represented to him that the father was dead, and that he desired to enter into a new contract with him for the land, for the benefit of himself and his sisters. The agent assented to it, and a new contract was entered into in John's own name for the land in consideration of the balance of the purchase money due, and the time of payment of it was extended. In pursuance thereof John took possession of the land, and soon after evidenced a determination to hold it for himself, to the exclusion of his sisters. The executors then exhibited to the court the situation of the estate; that after the settlement of their account and the payment of all the debts but that due to Griffith & Wallace there was a balance in their hands of 27 dollars, and prayed the court for an order of sale for the payment of that debt and maintenance of the children, thus disregarding the new contract made by John with the agent of Griffith & Wallace. The orphan's court granted the order of sale; in pursuance of which the land was sold to the plaintiff, who purchased in trust for the devisees under the will and with notice of the defendant's title: the sale was confirmed and this ejectment brought. On the trial of the cause the plaintiff offered to prove the declarations of the defendant that he claimed the land as his own, and that his sisters had no claim to it whatever. To which the defendant objected; but the court overruled the objection and sealed a bill of exception.

The defendant requested the court to charge the jury upon the following points:

1. If the executors encouraged the defendant to enter into a contract with the owners of the land for the purchase of it, by which the

[Gallaher v. Collins.]

debt or amount of purchase money due by the deceased Gallaher in his contract was extinguished; and if the jury believe that without this there were assets sufficient in their hands to meet all the other demands against the estate, that then the application by the executors for an order of sale was fraudulent in law as well as towards the defendant.

2. That if the plaintiff purchased the land not for his own benefit but in trust for the estate of John Gallaher deceased, and was notified at the time of bidding that the defendant owned the land, and was cautioned against purchasing it, that then the plaintiff is not a *bona fide* purchaser, more especially if he has not paid any part of the purchase money or complied with the terms of sale; and is not, therefore, entitled to recover.

3. That if the plaintiff was procured to bid in the land at the instance of the executors, or any of them, and the whole was not intended to be a *bona fide* sale, but for purposes whereby the executors might make sale of the land to others, and especially if there was nothing due from the estate, as represented by them in their petition to court, that then the whole transaction was fraudulent and void, and no such title vested in plaintiff as would entitle him to recover.

4. That the facts of the defendant's taking a contract for the land whereby the amount due on the contract of the deceased Gallaher was extinguished; that there were assets sufficient to discharge the other debts against the estate; that Collins was aware of the defendant's claiming the ownership of the land; that he (Collins) purchased for the estate and paid nothing (should the jury believe such to be the fact); that the executors, prior to the sale, made a parol agreement with Wilcox to let him have the land, which was subsequently confirmed by a written contract with him, in the name of Collins, but with whom Wilcox had nothing to do except through the executors, and that the said contract has since been cancelled by the executors: that the same afford such evidence of fraud as to prevent a recovery by the plaintiff.

5. That an executor cannot purchase land which he is authorized to sell, nor can he procure another to bid it in for him, nor for any other purposes than those for which the power may be granted him; and if the jury shall believe that the plaintiff was procured to bid in the land not for himself, but for the executors or the estate, it is the same as though the purchase had been made by the executors—therefore void.

6. That the executors would have no authority to apply to the court for an order to sell the land for the mere purpose of benefiting the sisters; and if they did apply with that view, and the plaintiff was procured to buy in the land for the estate or the executors, the same is fraudulent in law and avoids the sale.

7. If the jury believe the real object of the executors was different from that set forth in the petition, viz. if it was to benefit the sisters

[Gallaher v. Collins.]

and not to raise funds to pay debts; and if Collins was procured to bid in the land as an agent for the estate, that then no title vested in him by the sale and deed, and the plaintiff cannot recover.

8. That if the defendant, at the time of contracting for the land, alleged he was doing so for the benefit of his sisters as well as for himself, he will be a trustee for their interest, and be bound to convey to them on being refunded the amount paid by him for them; and that no declaration of his since to the contrary could affect their rights, neither would they give any right to the plaintiff to recover here if that right did not otherwise exist.

9. That the giving of the contract to the defendant was virtually and in law an extinguishment of the old one, and that the same could not be enforced in law after the former one was given.

The court below (Shippen, President) referred the matters of fact contained in the points to the jury, with the strong expression of the court that they were not sustained by the evidence, and that the plaintiff ought to recover.

*Derrickson*, for plaintiff in error.
*J. S. Riddle*, for defendant in error.

The opinion of the Court was delivered by

KENNEDY, J.—The errors assigned, though numerous, may be considered as presenting only two questions: first, was the sale of the land in question to the plaintiff below, under the decree of the orphan's court, valid; and, secondly, was the court below correct in admitting evidence of the declarations of the defendant below, that he purchased the land exclusively for the benefit of himself, and did not intend that his sisters should have any interest in it.

As to the first, there are but two grounds upon which such a sale can be held invalid; either a want of jurisdiction in the court ordering it, or fraud practised in effecting it. The first has been relied on here, but certainly without any good ground. It is said there was no debt against the estate of the testator; and without this the orphan's court had no authority to decree a sale of the land. But it was shown to the orphan's court by the executors, when they applied for an order of sale, that there was a debt due by judgment, obtained against the testator in his lifetime, amounting to nearly 700 dollars, and only about 23 dollars of personal assets to meet it. It is alleged, however, that this debt was extinguished by the agreement of the plaintiff in error with Mr Huidekoper, who had the control of it, as also the legal title to the land. This inference cannot well be drawn thence; nor does the evidence tend in the slightest degree to prove that it was so understood by any of the parties, but quite the contrary. Mr Huidekoper, the principal witness of the plaintiff in error as to this matter, testified that the old contract, upon which the judgment was founded, was not destroyed; that he knew of no satisfaction being entered upon it; nor does it appear from his

[Gallaher v. Collins.]

evidence, or any other testimony given on the trial, that it was ever spoken of or agreed to be done. The judgment was given by the testator to secure the payment of the purchase money of the land in dispute ; which he devised to the plaintiff in error, his son and two of his daughters, in equal portions. But in the agreement made by the plaintiff in error with Huidekoper, whereby he bound himself to pay the balance of the money due from the testator's estate for the land, he also took care in consideration thereof to have the covenant of Huidekoper to convey the whole of it to himself for his own use solely. Now there is no evidence even tending to show that the sisters, the other devisees of the land, were consenting to this arrangement ; and though the executors were willing that the payment of the purchase money still remaining due, and coming to Mr Huidekoper, should be arranged so as to secure the interest of the plaintiff in error and his sisters in the land, according to the will of their father, and at the same time to have themselves discharged from all responsibility in respect to it ; yet it was only upon condition that the sisters were provided for by it, as well as the plaintiff in error, that they ever consented to his making any arrangement about it. They, however, finding afterwards that the plaintiff in error disclaimed his having made the agreement with Mr Huidekoper for the benefit of his sisters in any part, and that he was about selling the land, or at least one hundred acres of it, as his own, considered it their duty, as no doubt it was, to provide ways and means for paying the judgment which still existed against the estate ; and if possible secure something for the sisters of the plaintiff in error. If the plaintiff in error, by his arrangement, intended to have the judgment extinguished, he ought to have had satisfaction entered upon it ; nothing of the kind, however, was done, nor ever seems to have been spoken of or mentioned in making the arrangement with Mr Huidekoper. Nor was it in the power of the plaintiff in error and Mr Huidekoper, by their agreement, to deprive the sisters of their interest in the land. Indeed it is clear that Mr Huidekoper intended nothing of the sort ; for it would seem that he was induced by the plaintiff in error to make the agreement for the benefit of his sisters as well as himself. But the executors finding that the plaintiff in error had made the agreement with Mr Huidekoper in his own name exclusively, and that he had denied that his sisters had any interest in it, made their application to the orphan's court for a decree of sale of the land, so that the judgment might be satisfied out of the moneys arising therefrom, and the surplus, whatever it might be, distributed among the devisees of the land. A decree for this purpose was accordingly made by the orphan's court ; and in pursuance thereof a sale was effected ; which was afterwards approved and confirmed by the court in the presence and hearing of the plaintiff in error, as it would seem from the evidence, without any objection being made on his part. Then was certainly the time for him to have spoken, and to have made it known to the

[Gallaher v. Collins.]

court, if it were true, that there was no debt existing against the estate of the testator which required a sale of the land. This is conclusive to show that he did not consider the judgment extinguished or the debt satisfied by the agreement which he made with Mr Huidekoper. His silence, then, is wholly inconsistent with the defence which he sets up now. But suppose the executors to have been mistaken in their opinion that the judgment debt still existed, when in truth it had been extinguished, still that would not avoid the proceedings of the orphan's court and render the sale an absolute nullity, if it were exempt from fraud, as against a *bona fide* purchaser. So far as the facts of the case are made to appear without any controversy there is no fraud in law arising from them which can affect the sale; and as to intentional fraud, or fraud in fact, that was purely a question of fact, which the court below very properly submitted as such to the decision of the jury, under an instruction quite as favourable to the plaintiff in error as he had any right in law to claim.

Then as to the admissibility of the evidence excepted to, we think it was clearly so, in order to repel the impression which the plaintiff in error wished to make upon the minds of the jury, to wit, that when he made the agreement with Mr Huidekoper he made it as well for the benefit of his sisters as himself. But even supposing that such was his intention at the time of making the agreement; yet having made no provision for them in the agreement itself, nor having come under any agreement with them in writing on the subject, neither the executors nor the sisters were bound to be content with his word merely in regard to the interest which the sisters should have in the arrangement; and in justification of their course the evidence was not only proper to show that the plaintiff in error was unworthy of trust, and that they had done him no injustice, but that they, the executors, had taken him at his word, and proceeded on their part as if he had resolved with himself to exclude his sisters from all interest in the land. And why should he complain of it? Even when the land was selling he did not pretend or admit that his sisters had any interest in it, but claimed the whole of it himself, and for that reason forbade the sale.

Judgment affirmed.